

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-0861-12

**RUSSELL CATES, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE ELEVENTH COURT OF APPEALS MCLENNAN COUNTY

**KELLER, P.J., filed a concurring opinion.**

I agree with the Court that Article 26.05(g)[1] "requires a present determination of financial resources and does not allow access to possible future resources," but there is a good policy reason for changing that requirement: If a defendant subsequently acquires the financial resources to compensate the county for defense-counsel fees associated with his conviction, he ought to be required to do so. The legislature could amend the statute to allow the trial judge to conditionally

---

[1] TEX. CODE CRIM. PROC. art. 26.05(g).

impose attorneys' fees to be paid if the defendant obtains sufficient financial resources during the pendency of his sentence.[2]  But the legislature has not enacted such a scheme, so a trial judge can impose attorneys' fees only on the basis of the defendant's financial status during the pendency of trial or upon conviction.[3]

I join the Court's opinion.

Filed: June 26, 2013
Publish

---

[2]  To avoid discouraging family members from contributing to an inmate's trust account, deductions to pay conditionally ordered attorneys fees might be limited to a percentage of the funds received in the account.

[3]  An argument might be made that "indigence" means something different in the outside world than it does in prison, where everyone is afforded basic necessities and where the use of funds is limited, all regardless of personal wealth.  But no such argument has been made, and it is not apparent that the current statutes would allow such a position.